UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| ADRIENNE HALBERSTAM, | |
| Plaintiff, | Case No. _____ |
| v. | **COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| AGROFRESH SOLUTIONS, INC., JOHN ATKIN, ROBERT J. CAMPBELL, ALEXANDER CORBACHO, DENISE L. DEVINE, NANCE K. DICCIANI, CLINTON A. LEWIS, JR., KAY KUENKER, DAVID MCINERNEY, and KEVIN SCHWARTZ, | JURY TRIAL DEMANDED |
| Defendants. | |

Plaintiff Adrienne Halberstam ("Plaintiff"), by and through her undersigned counsel, for her complaint against defendants, alleges upon personal knowledge with respect to herself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE AND SUMMARY OF THE ACTION

1.  This action is brought by Plaintiff against AgroFresh Solutions, Inc. ("AgroFresh" or the "Company") and the members of AgroFresh's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9, and to enjoin the vote on a proposed transaction, pursuant to which AgroFresh will be acquired by investment funds affiliated with Paine Schwartz Partners ("Paine Schwartz") through their affiliates Project Cloud Holdings, LLC ("Parent") and Project Cloud Merger Sub, Inc. ("Merger Sub") (the "Proposed Transaction").

2. On November 22, 2022, AgroFresh and Paine Schwartz issued a joint press release announcing entry into an Agreement and Plan of Merger dated November 21, 2022 (the "Merger Agreement"). Under the terms of the Merger Agreement, each holder of AgroFresh common stock will receive $3.00 in cash for each share of AgroFresh common stock (the "Merger Consideration").

3. On December 21, 2022, AgroFresh filed a Schedule 14A Preliminary Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that AgroFresh stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information concerning, among other things: (i) the Company's financial projections; and (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by the Special Committee of the Board's ("Special Committee") financial advisor, Perella Weinberg Partners LP ("PWP"). The failure to adequately disclose such material information constitutes a violation of Sections 14(a) and 20(a) of the Exchange Act as AgroFresh stockholders need such information to make a fully informed decision whether to vote in favor of the Proposed Transaction or seek appraisal.

4. In short, unless remedied, AgroFresh's public stockholders will be forced to make a voting or appraisal decision on the Proposed Transaction without full disclosure of all material information concerning the Proposed Transaction being provided to them. Plaintiff seeks to enjoin the stockholder vote on the Proposed Transaction unless and until such Exchange Act violations are cured.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to

Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

6. This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District. Moreover, AgroFresh's common stock trades on the Nasdaq Global Select Market, which is headquartered in this District, rendering venue in this District appropriate.

## THE PARTIES

8. Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of AgroFresh.

9. Defendant AgroFresh is a Delaware corporation, with its principal executive offices located at One Washington Square, 510-530 Walnut Street, Suite 1350, Philadelphia, Pennsylvania 19106. The Company provides science-based solutions, data-driven technologies, and high-touch customer services. AgroFresh's common stock trades on the Nasdaq Global Select Market under the ticker symbol "AGFS."

10. Defendant John Atkin ("Atkin") has been a director of the Company since September 2021.

11. Defendant Robert J. Campbell ("Campbell") has been a director of the Company since February 2014.

12. Defendant Alexander Corbacho ("Corbacho") has been a director of the Company since July 2020. Defendant Corbacho also serves as a Managing Director at Paine Schwartz.

13. Defendant Denise L. Devine ("Devine") has been a director of the Company since February 2018.

14. Defendant Nance K. Dicciani ("Dicciani") has been non-executive Chair of the Board since August 13, 2015, and a director of the Company since July 31, 2015.

15. Defendant Clinton A. Lewis, Jr. ("Lewis") has been Chief Executive Officer ("CEO") and a director of the Company since April 2021.

16. Defendant Kay Kuenker ("Kuenker") has been a director of the Company since April 2021.

17. Defendant David McInerney ("McInerney") has been a director of the Company since August 4, 2022.

18. Defendant Kevin Schwartz ("Schwartz") has been a director of the Company since July 2020. Defendant Schwartz is also CEO and a Founding Partner at Paine Schwartz.

19. Defendants identified in paragraphs 10-18 are referred to herein as the "Board" or the "Individual Defendants."

**OTHER RELEVANT ENTITIES**

20. Paine Schwartz is a private equity firm focused exclusively on investment opportunities in the fast-growing, dynamic global food and agribusiness sectors. Paine Schwartz's investment, operations and finance professionals invest throughout cycles across the food and agribusiness value chain and bring a collaborative and active management approach to portfolio companies.

21. Parent is a Delaware limited liability company affiliated with investment funds managed by Paine Schwartz.

22. Merger Sub is a Delaware corporation and a direct wholly owned subsidiary of Parent.

## SUBSTANTIVE ALLEGATIONS

**Background of the Company**

23. AgroFresh is an agriculture technology innovator and global leader whose mission is to prevent food loss and waste and conserve the planet's resources by providing a range of science-based solutions, data-driven digital technologies and high-touch customer services. AgroFresh supports growers, packers, and retailers with solutions across the food supply chain to enhance the quality and extend the shelf life of fresh produce. The AgroFresh organization has 40 years of post-harvest experience across a broad range of crops, including revolutionizing the apple industry with the SmartFresh™ Quality System more than 20 years ago.  The AgroFresh platform is powered by the Company's comprehensive portfolio that includes plant-based coatings, equipment and proprietary solutions that help improve the freshness supply chain from harvest to the home.

24. AgroFresh's portfolio of solutions to extend the shelf life of fresh produce is subject to extensive national, state, and local government regulations.  The Company has completed more than 400 comprehensive international health and environmental tests that have shown its products, including SmartFresh and Harvista, to be safe for consumers, workers, and the environment. AgroFresh products have been approved by over 50 authorities, including the U.S. Environmental Protection Agency and the European Commission.

25. On November 9, 2022, AgroFresh announced its third quarter and first nine months

of 2022 financial results and business development highlights. Net sales increased 3.0% (or 8.1% on a constant currency basis) for the nine months ended September 30, 2022, versus the prior year period. Defendant Lewis commented on the results, stating:

> The third quarter marks the beginning of our Northern Hemisphere season. We posted third quarter operational revenue growth of 3.1% on a constant currency basis, despite weather related events in North America that impacted crop size and delayed the harvest season. As has been noted by numerous companies with international market exposure, foreign currency has also become a significant headwind given the continued strengthening of the U.S. dollar versus other currencies. For AgroFresh, the impact of foreign exchange is material given that almost 80 percent of our business is transacted outside of the U.S. For example, the EMEA region comprises approximately 50% of our revenues and this is particularly significant in the second half of the year. Despite the impact of foreign exchange, we continue to advance our diversification strategy. We achieved growth of nearly 13% in our reported revenues from diversification categories on a trailing-twelve-month basis, which represented our seventh consecutive quarter of double-digit increases on that basis, and now reflects nearly 45% of our trailing-twelve-month revenue mix.
>
> Regardless of weather-related or macro-economic obstacles, our team remains laser focused on delivering solutions to ensure our customers can provide a consistent supply of high quality fresh produce.

**The Proposed Transaction**

26. On November 22, 2022, AgroFresh issued a press release announcing the Proposed Transaction, which states, in relevant part:

> PHILADELPHIA, Nov. 22, 2022 (GLOBE NEWSWIRE) -- AgroFresh Solutions, Inc. (NASDAQ: AGFS) ("AgroFresh" or the "Company") today confirmed that the Company entered into a definitive merger agreement with investment funds affiliated with Paine Schwartz Partners ("Paine Schwartz"), a global leader in sustainable food chain investing, pursuant to which such funds will acquire all of the outstanding common stock of the Company ("Common Stock") for $3.00 per share in cash. This represents a 91% premium over the Company's share price at market close on October 26, 2022, an 88% premium over the Company's unaffected 60-day volume-weighted average price ("VWAP") as of October 26, 2022, and a 33% premium over the Company's 52-week trading high prior to October 26, 2022.
>
> A special committee of independent directors (the "Special Committee") of the AgroFresh Board of Directors (the "Board"), in consultation with its independent

financial and legal advisors, unanimously determined that the merger agreement is advisable, fair to, and in the best interests of, the unaffiliated stockholders of the Company and recommended it for approval by the Board. The merger agreement was subsequently approved by the disinterested members of the Board.

Clint Lewis, Chief Executive Officer for AgroFresh, said, "This transaction marks an important milestone in AgroFresh's history as the Company embarks on a new chapter as a private company. This transaction with Paine Schwartz will provide enhanced flexibility for AgroFresh to build on its strong foundation and advance its mission of preventing food waste and conserving the planet's resources for years to come. We are confident that this agreement is in the best interests of the Company and all its stakeholders and represents the best path forward to maximize value for shareholders."

Kevin Schwartz, Chief Executive Officer of Paine Schwartz, said, "We know AgroFresh well and think highly of its solutions and technologies that enhance the quality and extend the shelf life of fresh produce for the benefit of the food supply chain and resource conservation. As a private company with additional support from Paine Schwartz, AgroFresh will have access to the financial resources it needs to invest further in R&D and expansion efforts, while enabling the Company to address its capital structure. We are pleased to continue our partnership with AgroFresh and look forward to supporting the Company's long-term growth and success."

Consummation of the transaction is conditioned on approval of the unaffiliated stockholders of the Company and is subject to other customary closing conditions. The transaction is expected to close in the first quarter of 2023.

**Advisors**

Perella Weinberg Partners LP is serving as financial advisor to the Special Committee and Morris, Nichols, Arsht & Tunnell LLP is serving as legal counsel to the Special Committee. Morrison & Foerster LLP is serving as legal counsel to the Company. Evercore is serving as financial advisor to Paine Schwartz and Kirkland & Ellis LLP is serving as legal counsel to Paine Schwartz.

**Insiders' Interests in the Proposed Transaction**

27. AgroFresh insiders are the primary beneficiaries of the Proposed Transaction, not the Company's public stockholders. The Board and the Company's executive officers are conflicted because they will have secured unique benefits for themselves from the Proposed Transaction not available to Plaintiff and the public stockholders of AgroFresh.

28. Notably, if they are terminated in connection with the Proposed Transaction, AgroFresh's named executive officers are set to receive substantial cash severance payments in the form of golden parachute compensation, as set forth in the following table:

| Named Executive Officer | Cash ($)(1) | Equity Awards ($)(2) | Perquisites/ Benefits ($)(3) | Total ($) |
|---|---|---|---|---|
| Clinton A. Lewis, Jr. | 3,656,500 | 5,277,297 | 44,383 | 8,978,180 |
| Graham Miao | 1,988,500 | 2,876,499 | 26,020 | 4,891,019 |
| Thomas Ermi | 1,300,334 | 1,025,364 | 39,369 | 2,365,067 |

**The Proxy Statement Contains Material Misstatements and Omissions**

29. Specifically, as set forth below, the Proxy Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (i) the Company's financial projections; and (ii) the inputs and assumptions underlying the financial analyses performed by the Special Committee's financial advisor PWP. Accordingly, AgroFresh stockholders are being asked to vote in favor of the Proposed Transaction or seek appraisal without all material information at their disposal.

*Material Omissions Concerning the Company's Financial Projections*

30. The proxy Statement omits material information with respect to the company's projections.

31. For example, the Proxy Statement fails to include the line items underlying the Company's projected: (i) Adjusted EBITDA; (ii) Net Operating Profit After Tax; and (iii) Unlevered Free Cash Flow.

32. The omission of this information renders the statements in the "Unaudited Prospective Financial Information of the Company" section of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

*Material Omissions Concerning PWP's Financial Analyses*

33. The Proxy Statement also describes PWP's fairness opinion and the various valuation analyses performed in support of its opinion. However, the description of PWP's fairness opinion and analyses fails to include key inputs and assumptions underlying these analyses. Without this information, as described below, AgroFresh's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on PWP's fairness opinion in determining whether to vote in favor of the Proposed Transaction or seek appraisal. This omitted information, if disclosed, would significantly alter the total mix of information available to AgroFresh's stockholders.

34. With respect to PWP's *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose: (i) quantification of the inputs and assumptions underlying the discount rates ranging from 13.00% to 15.50% for the core products of the Company and 15.00% to 17.50% for the new products of the Company; (ii) quantification of the financial metrics that perpetuity growth rates were applied to in order to derive the terminal values in the analysis; and (iii) the implied terminal multiples resulting from the analysis.

35. The omission of this information renders the statements in the "Opinion of the Special Committee's Financial Advisor" section of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

36. The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Proxy Statement. Absent disclosure of the foregoing material information prior to the stockholder vote on the Proposed Transaction, Plaintiff and the other stockholders of AgroFresh will be unable to make a sufficiently informed voting or appraisal decision in

connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder**

37. Plaintiff repeats all previous allegations as if set forth in full.

38. During the relevant period, defendants disseminated the false and misleading Proxy Statement specified above, which failed to disclose material facts necessary to make the statements, considering the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

39. By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Proxy Statement. The Proxy Statement was prepared, reviewed, and/or disseminated by the defendants. It misrepresents and/or omits material facts, including material information about (i) the Company's financial projections; and (ii) the inputs and assumptions underlying PWP's financial analyses. The defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

40. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder would consider them important in deciding how to vote on the Proposed Transaction.

41. By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

42. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm, rendering money damages inadequate. Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

### Claims Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act

43. Plaintiff repeats all previous allegations as if set forth in full.

44. The Individual Defendants acted as controlling persons of AgroFresh within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of AgroFresh, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

45. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

46. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Proxy Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Proxy Statement.

47. In addition, as the Proxy Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Proxy Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

48. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

49. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, AgroFresh stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of AgroFresh, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to AgroFresh stockholders;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: March 21, 2023

WEISS LAW

By _____
Michael Rogovin
305 Broadway, 7th Floor
New York, NY 10007
Tel: (212) 682-3025
Fax: (212) 682-3010
Email: mrogovin@weisslawllp.com

*Attorneys for Plaintiff*